13-2075-cv
*Suntrust Banks Inc. v. Turnberry Capital Management LP*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand fourteen.

PRESENT:
        BARRINGTON D. PARKER,
        PETER W. HALL,
            *Circuit Judges*,
        KIYO A. MATSUMOTO,[*]
            *District Judge.*

_____

SUNTRUST BANKS, INC., SUNTRUST ROBINSON HUMPHREY, INC.,

        *Plaintiffs-Appellees*,

        v.                                   13-2075-cv

TURNBERRY CAPITAL MANAGEMENT LP, TURNBERRY MASTER, LTD,

        *Defendants-Appellants.*

_____

FOR APPELLANTS:      KEVIN J. O'BRIEN, Harris, O'Brien, St. Laurent & Houghteling LLP, New York, New York.

---

[*] The Honorable Kiyo A. Matsumoto, of the United States District Court for the Eastern District of New York sitting by designation.

1

FOR APPELLEES:          CORY HOHNBAUM, (DAVID G. GIUDRY, *on the brief*), King & Spalding LLP, Charlotte, North Carolina.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants Turnberry Capital Management LP, a hedge fund, and Turnberry Master, Ltd., the master investment vehicle for the hedge fund, (collectively, "Turnberry") appeal the May 17, 2013 judgment of the district court granting a permanent injunction in favor of Plaintiffs-Appellees SunTrust Banks, Inc. ("STB") and SunTrust Robinson Humphrey, Inc. ("STRH") (collectively, "SunTrust") enjoining Turnberry from proceeding with the arbitration proceedings it commenced against SunTrust before the Financial Industry Regulatory Authority ("FINRA"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review the district court's grant of a permanent injunction for abuse of discretion. *Roach v. Morse*, 440 F.3d 53, 56 (2d Cir. 2006). We review *de novo* the district court's determination as to the issue of arbitrability and review its factual findings for clear error. *See id.*; *John Hancock Life Ins. Co. v. Wilson*, 254 F.3d 48, 57 (2d Cir. 2001).

Under FINRA Rule 12200, "[p]arties must arbitrate a dispute under the Code if: [a]rbitration . . . is . . . [r]equested by the customer; [t]he dispute is between a customer and a member or associated person of a member; and [t]he dispute arises in connection with the

2

business activities of the member or the associated person." *See* FINRA R. 12200.[1] The main issue on appeal is whether Turnberry is a customer of STRH[2] within the meaning of FINRA Rule 12200 and thus entitled to arbitrate its dispute with STRH. The district court properly concluded that it is not.

Turnberry asserts that the district court defined the term "customer" too narrowly by requiring Turnberry to have engaged in "the direct acquisition of goods or services" as a prerequisite to being a customer. We are not persuaded by Turnberry's characterization of the district court's decision. In determining whether Turnberry was a "customer," the district court not only relied on the fact that Turnberry had not acquired goods or services from STRH, but it also reviewed other indicia of a customer relationship, such as, (a) the receipt of financial advice, (b) the existence of a brokerage agreement, (c) the payment of a fee, and (d) the utterance of statements that could have been perceived by Turnberry as establishing a customer relationship. *See UBS Fin. Servs. Inc. v. W. Va. Univ. Hosps., Inc.*, 660 F.3d 643, 650-52 (2d Cir. 2011) (holding that advice given by the FINRA member and a fee paid by the investor to the FINRA member indicates a customer relationship); *Citigroup Global v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30 (2d Cir. 2010) (affirming the district court's finding); *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 177 (2d Cir. 2003) (noting that where a FINRA member or its associated person is somehow "complicit in a fraudulent scheme that involved misleading the [i]nvestors into believing that they were customers of

---

[1] FINRA Rules *available at* http://finra.complinet.com/en/display/display_main.html?rbid=2403&element_id=4105 (last visited Apr. 12, 2014).
[2] Turnberry conceded below that STB is not a FINRA member and thus may not be compelled to arbitrate. *SunTrust Banks, Inc. v. Turnberry Capital Mgmt. LP*, 945 F. Supp. 2d 415, 418 n.3 (S.D.N.Y. 2013).

[that FINRA member] . . . then the [i]nvestors were customers for the purposes of the [FINRA] code"). The district court found no such indicia of a customer relationship—a finding we determine is not clearly erroneous—and correctly held that Turnberry is not a customer of STRH under FINRA Rule 12200. Turnberry's remaining arguments are without merit.

The judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4